# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| AUDIOEYE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACCESSIBE LTD., <br><br> Defendant. | Civil Action No. 6:20-cv-00997-ADA <br><br> **JURY TRIAL DEMANDED** |

## CASE READINESS STATUS REPORT

Plaintiff AudioEye, Inc. and Defendant accessiBe Ltd. hereby provide the following status report in advance of the Case Management Conference ("CMC").

## FILING AND EXTENSIONS

Plaintiff's Complaint was filed on October 26, 2020. Plaintiff's First Amended Complaint was filed on December 2, 2020. Dkt. 7. Defendant waived service on December 8, 2020, which set the answer deadline on March 8, 2021. Plaintiff's Second Amended Complaint was filed on December 29, 2020. Dkt. 13. There have been no extensions.

## RESPONSE TO THE COMPLAINT

Defendant's Opposed Motion to Transfer Venue or Dismiss for Lack of Personal Jurisdiction was filed on March 8, 2021.  Dkt. 21.

## PENDING MOTIONS

Defendant's Opposed Motion to Transfer Venue or Dismiss for Lack of Personal Jurisdiction, filed on March 8, 2021, is pending.  Dkt. 21.  The Parties each propose the following schedules:

Plaintiff:

    (a) The Parties will complete jurisdictional discovery by August 6, 2021;

    (b) Plaintiff will file its response by August 20, 2021; and

    (c) Defendant will file its reply by August 27, 2021.

Jurisdictional discovery will include written discovery and will potentially include depositions from Defendant, an Israeli company, and third parties.  Defendant's proposal to complete this discovery in slightly more than two months from the date of its Motion is unreasonable.  Plaintiff proposes the Parties complete jurisdictional discovery within five months, which is less than the six months provided under the Court's November 19, 2020 Standing Order Regarding Venue and Jurisdictional Discovery Limits for Patent Cases.

Defendant:

| | |
|---|---|
| Plaintiff will serve all jurisdictional discovery | March 30, 2021 |
| Defendant will answer all written jurisdictional discovery | April 13, 2021 |
| Defendants will substantially complete jurisdictional document production | April 20, 2021 |
| Plaintiff will raise any motions related to jurisdictional discovery | April 27, 2021 |
| Parties will complete jurisdictional discovery | May 21, 2021 |

| Plaintiff's response will be filed | June 1, 2021 |
|---|---|
| Defendant's reply | June 8, 2021 |

Defendant accessiBe is a small Israeli company with no US offices or US employees. The jurisdictional discovery AudioEye seeks is easily accomplished in two months, and accessiBe has agreed to a shortened response time to expedite the process.

## RELATED CASES IN THIS JUDICIAL DISTRICT

Plaintiffs filed a complaint containing some of the same causes of action in the Austin division on Sept. 4, 2020, *AudioEye, Inc. v. accessiBe Ltd.,* 20-cv-924-LY. Plaintiff voluntarily dismissed that case on Oct. 26, 2020.

## IPR, CBM, AND OTHER PGR FILINGS

There are no known IPR, CBM, or other PGR filings.

## NUMBER OF ASSERTED PATENTS AND CLAIMS

Plaintiff has asserted nine patents and expects to assert around 165 claims against Defendant in its infringement contentions.

## APPOINTMENT OF TECHNICAL ADVISER

The Parties do not request the appointment of a technical adviser at this time.

## MEET AND CONFER STATUS

Plaintiff and Defendant met and conferred on May 12, 2021. The Parties identified the following two issues to raise at the CMC:

**First**, in addition to claims for patent infringement, Plaintiff's complaint asserts claims against Defendant for false advertising and product disparagement under the Lanham Act, as well as related claims under New York state law. Plaintiff seeks leave to begin discovery on these

claims prior to the *Markman* hearing.

*Plaintiff's Position*:

Plaintiff respectfully submits that discovery regarding its non-patent claims should proceed because the *Markman* process and the Court's *Markman* decision will not affect the non-patent claims.  Also, Defendant is a foreign company, which may complicate discovery.

*Defendant's Position:*

Defendant opposes Plaintiff's request to depart from the Court's standard procedures and begin discovery on its New York state law and Lanham Act claims.  Defendant has moved to dismiss or transfer these claims for lack of personal jurisdiction, and starting discovery now would result in inefficient multiple discovery periods.

**Second**, Defendant proposes staying all deadlines pending jurisdictional discovery (excepting, of course, the deadlines proposed above) and the Court's jurisdictional decision.

*Defendant's Position:*

Plaintiff has asserted New York state law and Lanham Act claims directed to actions alleged to have taken place in New York, and neither party's home forum is the Western District of Texas.  In consideration of Defendant accessiBe's pending due process challenge to personal jurisdiction and the lack of a connection between either party and this forum, it would be more efficient to stay other case deadlines until the resolution of Defendant's motion.

*Plaintiff's Position:*

Plaintiff opposes Defendant's request to stay all deadlines pending resolution of Defendant's motion.  Defendant does not dispute personal jurisdiction over the nine Patent-Infringement Causes of Action asserted against it in the Second Amended Complaint.  Defendant has many customers in this Judicial District, including several it describes as "High Volume"

4

"Strategic Partners." Thus, at a minimum, all patent-related deadlines such as infringement contentions, validity contentions, and *Markman* exchanges and briefing should proceed under the Court's standard procedures.

Regarding Plaintiff's Lanham Act claims, the examples of improper business acts in New York identified in the Second Amended Complaint are only a small part of Plaintiff's Lanham Act claims. Thus, for the reasons explained above, Plaintiff requests that it be allowed to conduct substantive discovery regarding its Lanham Act claims at this time.

Dated:  March 16, 2021

Respectfully submitted,

By: /s/ *Cabrach Connor (with permission)*
Cabrach J. Connor
Texas Bar No. 24036390
cab@connorkudlaclee.com
Kevin S. Kudlac
Texas Bar No. 00790089
kevin@connorkudlaclee.com
**CONNOR KUDLAC LEE PLLC**
609 Castle Ridge Road, Suite 450
Austin, Texas 78746
512.777.1254 Telephone
888.387.1134 Facsimile

NEEL CHATTERJEE (*Pro Hac Vice*)
NChatterjee@goodwinlaw.com
LUC DAHLIN (*Pro Hac Vice*)
LDahlin@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, CA 94063
Phone: (650) 752-3100
Fax: (650) 853-1038

SAMUEL SHERRY (*Pro Hac Vice*)
SSherry@goodwinlaw.com
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Phone: (617) 570-1000
Fax: (617) 523-1231

*Attorneys for Defendant Accessibe, Ltd.*

By: */s/ Austin Schnell*
Brian C. Nash
Texas Bar No. 24051103
Austin Schnell
Texas Bar No. 24095985
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
401 Congress Ave., Suite 1700
Austin, Texas 78701
T: (512) 580-9600
F: (512) 580-9601
E: brian.nash@pillsburylaw.com
E: austin.schnell@pillsburylaw.com

Steven Jensen (*Pro Hac Vice* to be filed)
CA Bar No. 149894
Brian Horne (*Pro Hac Vice*)
CA Bar No. 205621
Jared Bunker (*Pro Hac Vice*)
CA Bar No. 246946
**KNOBBE MARTENS**
2040 Main Street
Irvine, CA 92614
T: (949) 760-0404
E: jared.bunker@knobbe.com
E: steve.jensen@knobbe.com

*Attorneys for Plaintiff AudioEye, Inc.*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on March 17, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

                                                  */s/ Austin Schnell*
                                                  Austin Schnell